UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SYLVIA THIBODEAUX LAVERGNE**     **CASE NO. 2:23-CV-00941**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**WESTLAKE CORP**     **MAGISTRATE JUDGE LEBLANC**

MEMORANDUM RULING

Before the court are an administrative record and affirmative defenses filed in response to plaintiff's petition, seeking post-retirement death benefits under a health plan issued and/or administered by defendant Westlake Corporation ("Westlake"). Plaintiff failed to file a memorandum in compliance with the court's ERISA Case Order [doc. 16] and so Westlake's contentions are regarded as unopposed.

I.
BACKGROUND

Plaintiff Sylvia Thibodeaux alleges that she is the surviving spouse and sole heir of William Dennis Lavergne, Jr., who retired from Westlake and was covered by a defined benefit plan issued and/or administered by that company. Doc. 3, ¶¶ 3–5. Plaintiff brought this suit as a "Petition for Accounting and Damages" in state court, asserting that she was put into possession of all the decedent's interests in his post-retirement death benefits through his succession. *Id.* at ¶ 7. Plaintiff maintains that she was wrongfully denied the benefits of a surviving spouse under the decedent's plan and that Westlake knew or should

have known she was married to and living with Mr. Lavergne, even though the decendent's application reflected that he was a single man. *Id.* at ¶¶ 8–9.

Westlake removed the suit to this court on the basis of federal question jurisdiction, and shows that the plan at issue was established pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. 1; *see* doc. 17, att. 1, p. 5. The court issued its ERISA Case Order, providing that Westlake would file the administrative record on or before December 29, 2023, and plaintiff would either (1) file a motion supplement the record within 14 days or, if no motion to supplement was filed, (2) submit a memorandum within 45 days of the filing of the administrative record, setting forth the reasons for reversing the plan administrator's decision.[1] Doc. 16. More than 45 days have passed since Westlake filed the administrative record, and plaintiff has filed no motion or memorandum. Accordingly, Westlake now requests that the court enter judgment in its favor based on review of the administrative record. It also requests that the court award it attorney fees and costs based on a finding that plaintiff's claims are frivolous. Doc. 19.

## II.
### STANDARD OF REVIEW

When a claim is governed by ERISA, the district court serves an appellate role to the appeal of the plan administrator's decision. *McCorkle v. Met. Life Ins. Co.*, 757 F.3d 452, 456 (5th Cir. 2014). Here the plan grants the administrator discretionary authority to determine eligibility for benefits and construe the plan terms. Doc. 17, att. 1, p. 3.

---

[1] If plaintiff did file a motion to supplement, she would then have to submit her memorandum within 45 days of the court's disposition of that motion. Doc. 16.

Accordingly, the court's standard of review is for abuse of discretion. *White v. Life Ins. Co. of N. Am.*, 892 F.3d 762, 767 (5th Cir. 2018).

## III.
### APPLICATION

Mr. Lavergne retired from Westlake's predecessor, PPG, as a truck driver in 1996. Doc. 17, att. 1, pp. 189, 196. At the time of his retirement, Mr. Lavergne waived the qualified joint and survivor annuity and thus received a higher pension during his lifetime. *Id.* at 212. Plaintiff signed this form, indicating her consent to the waiver. *Id.* The waiver provides that the surviving spouse "will not receive a surviving spouse benefit from the pension plan upon the death of the applicant." *Id.*

Under our standard of review, the court can only reverse the plan administrator's decision if it finds (1) that the decision was legally incorrect and (2) that it constituted an abuse of discretion. *See Gomez v. Ericsson, Inc.*, 828 F.3d 367, 373 (5th Cir. 2016). At the first stage, the court must consider (1) whether the administrator has given the plan a uniform construction, (2) whether the interpretation is consistent with a fair reading of the plan, and (3) any unanticipated costs resulting from different interpretations of the plan. *Id.* (citing *Stone v. UNOCAL Term. Allowance Plan*, 570 F.3d 252, 257 (5th Cir. 2009)). To determine if an administrator abused its discretion interpretation of the plan, a court must weigh four factors: (1) the plan's internal consistency under the administrator's interpretation, (2) any relevant regulations, (3) the factual background underlying the decision, and (4) any indication of lack of good faith. *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002).

In the absence of any substantive briefing from defendant, the court finds that the decision is legally correct. The waiver is unambiguous. Plaintiff has submitted no evidence in support of her contention that the "application for benefits . . . was completed by the employer and/or third persons other than decedent, William Lavergne." Doc. 3, ¶ 10. Accordingly, there is no need to consider whether the decision constituted an abuse of discretion.

As for Westlake's request for costs and attorney fees, ERISA allows for such an award to the prevailing party within the court's discretion. To determine if an award is appropriate, the court may weigh the following factors: (1) the degree of the opposing parties' culpability and bad faith; (2) the ability of the opposing parties to satisfy such an award; (3) whether the award would deter other persons acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries in a plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *North Cypress Med. Ctr. Oper. Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485 (5th Cir. 2018) (citing *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)). Based on these factors, the court finds that no such award is appropriate. While plaintiff's claims were without merit, she is an elderly widow who appears to be of limited means. Westlake submitted only a three-page memorandum in this matter with no citations to the administrative record. *See* doc. 19. It was not significantly inconvenienced in defending this claim and there is no evidence yet of a pattern of similar frivolous claims in this division. Accordingly, each party will bear its own costs.

## IV.
### CONCLUSION

For the reasons stated above, the court will enter judgment in favor of Westlake, dismissing all claims in this matter with prejudice, with each party to bear its own costs.

**THUS DONE AND SIGNED** in Chambers on the 17th day of April, 2024.

_[signature]_
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**